## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JASON SANCHEZ,

      **Plaintiff,**

v.                                      **No. 23-cv-00345-DHU-GJF**
**EDDY COUNTY BOARD OF COMISSIONERS,**
**DETECTIVE JARED ROSTRO, in his individual capacity,**
**DETECTIVE ERIC THRELKELD, in his individual capacity, and**
**SHERIFF MARK CASE, in his individual capacity,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Opposed Motion to Dismiss for Failure to State a Claim. *See* Doc. 3. Plaintiff Jason Sanchez ("Plaintiff") filed a Complaint alleging that the Eddy County Board of Commissioners, Detective Jared Rostro, Detective Eric Threlkeld, and Sheriff Mark Case (collectively, "Defendants"), violated his civil rights under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act ("NMTCA"). Defendants moved for dismissal of the Complaint, based primarily on arguments that Plaintiff failed to state a claim and that his claims were time barred by various statutes of limitations. For the reasons set forth below, the Court with **GRANT** in part and **DENY** in part Defendants' motion.

### I. Facts and Procedural Background

Plaintiff shares a minor son with a woman named Ms. Calderon. Doc. 1 at ¶ 11-12 (Plaintiff's Complaint). A legal custody dispute began after their child was born, and in March 2017, a custody order was put into place which stated, "the non-custodial parent to contact his son 'by Facetime, Skype or other similar platform on Mondays, Wednesdays and Saturdays for not more than twenty (20) minutes at 7:00 p.m. Mountain Standard Time.'" *Id.* at ¶ 15. On November

1

1, 2017, a judge in New Mexico's Fifth Judicial District issued a Temporary Order of Protection ("restraining order"), which prohibited Plaintiff from communicating with Ms. Calderon for any reason not outlined in the custody order. *Id.* at ¶ 17. On November 27, 2017, Plaintiff called Ms. Calderon's phone and texted her: twice about changing the designated time to call the minor child, once about the minor child's haircut, and once to inform her he withdrew motions in their custody legal matter. *Id.* at ¶ 20.

Defendant Rostro investigated this matter, meaning the communications sent by Plaintiff to the mother of his minor child, first speaking with Ms. Calderon and then speaking to Plaintiff. *Id.* at ¶ 22-3. These conversations did not uncover any evidence that Plaintiff had violated the restraining order. *Id.* After contradictory domestic violence interviews with Ms. Calderon, Defendant Rostro, along with the other Defendants in this case, charged Plaintiff with aggravated stalking and a separate count of violation of a restraining order. *Id.* at ¶ 31. The criminal complaint failed to allege any facts sufficient to demonstrate a violation of the crimes brought against him and therefore also lacked probable cause. *Id.* at ¶ 32-3. Plaintiff was arrested in Texas, detained, and extradited to New Mexico. *Id* at ¶ 34.

Plaintiff's first trial on these charges resulted in a mistrial. *Id.* at ¶ 40. On July 9, 2020, Plaintiff was convicted of aggravated stalking and violation of the protective order. He was sentenced to eighteen months and three-hundred and sixty-four days, respectively, for those convictions.[1]

On December 20, 2022, Plaintiff's convictions were overturned by the New Mexico Court of Appeals. The State had conceded that they never had enough evidence to convict Plaintiff

---

[1] Plaintiff alleges that he spent six-hundred and fifty days in prison. *See Id.* at ¶ 113. It is unclear when these days of prison occurred, how much of his sentences were served after conviction, etc. Neither Plaintiff nor Defendant provide these details.

beyond a reasonable doubt. *Id.* at ¶ 45-7.

On April 24, 2023, Plaintiff filed his Complaint in federal court. *See* Doc. 1. He brings seven Counts, under Section 1983 and the NMTCA: (1) Malicious Prosecution, (2) Unlawful Arrest, (3) False Imprisonment, (4) Malicious Abuse of Process, (5) False Arrest, (6) False Imprisonment, and (7) Negligent Hiring, Training, Supervision, and Retention.[2]

On May 2, 2023, Defendants filed the instant motion to dismiss, arguing that Plaintiff's Claims in Count II and III are barred by the statute of limitations, that the NMTCA claims are time barred and that he failed to state a claim upon which relief can be granted for Count I. *See* Doc. 3.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), complaints may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a court reviews "a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (internal citations omitted).

Statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). The Defense must be raised by the Defendant, and that party must develop facts to prove that dismissal is necessary. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). If a complaint contains clear dates which can demonstrate the statutes of limitations, the Court can make such a determination on its own. *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir.

---

[2] Counts I-III are under Section 1983 and Counts IV-VII are under the NMTCA.

2016).

## III. Analysis

### A.  Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is Denied

Defendants raise two arguments in Defendants' motion to dismiss in regard to Count I of Plaintiff's Complaint for malicious prosecution in violation of 28 U.S.C. § 1983. First, Defendants argue that the statute of limitations for Plaintiff's claim has run. Second, Defendants argue that even if the statute of limitations did not run, Plaintiff failed to plead all of the required elements of a malicious prosecution claim. Plaintiff argues that he filed in a timely manner and that he sufficiently plead all the elements of a malicious prosecution claim. For the reasons stated below, the Court will deny Defendants' motion to dismiss Count I of Plaintiff's Complaint.

### i.  The Plaintiff Timely Filed His Complaint for Malicious Prosecution in Violation of 28 U.S.C. § 1983.

The statute of limitations applicable to a plaintiff's § 1983 claim is determined by reference to state law. *Herrera v. City of Espanola*, 32 F.4th 980, 989 (10th Cir. 2022). As Plaintiff's causes of action arose in New Mexico, the applicable statute of limitations will be resolved by reference to New Mexico state law. Accordingly, NMSA 1978, § 37-1-18 provides a three-year statute of limitations for Section 1983 actions. Therefore, the statute of limitations applicable to Count I of Plaintiff's Complaint for malicious prosecution is three years.

The accrual date of a plaintiff's § 1983 claim is determined by reference to federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") The Tenth Circuit has determined on multiple occasions that a claim for malicious prosecution does not accrue (and the statute of limitations does not begin to run) until the underlying criminal conviction resolves in the plaintiff's favor. *Mondragon v. Thompson*, 519 F.3d

1078, 1082-83 (10th Cir. 2008); *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000).

Accordingly, Plaintiff's claim for malicious prosecution did not accrue until Plaintiff's underlying criminal conviction was resolved in his favor. The accrual date for Plaintiff's malicious prosecution claim is thus December 20, 2022, the date when the New Mexico Court of Appeals overturned his convictions for aggravated stalking and violation of a restraining order. Because Plaintiff's Complaint was timely filed on April 24, 2023, well within the three-year statute of limitations applicable to § 1983 under New Mexico state law, the statute of limitations has not run on Count I of Plaintiff's Complaint.[3]

### ii.   Plaintiff Sufficiently Pled the Required Elements of a Malicious Prosecution Claim in his Complaint.

In order to plead a prima facie case of malicious prosecution, a plaintiff must sufficiently plead five elements: (1) the defendant caused the plaintiff continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Margheim v. Buljko*, 855 F.3d 1077, 1085 (2017).

In Defendants' Motion to Dismiss, Defendants take issue only with the third element of Plaintiff's malicious prosecution claim. Defendants argue that because the Magistrate court made an independent finding of probable cause to arrest Mr. Sanchez, Plaintiff's malicious prosecution claim fails.

However, the Tenth Circuit has identified two scenarios in which it is appropriate to vitiate a finding of probable cause: if either "no reasonably competent officer would have concluded that a warrant should issue" or the "officers … misrepresent[ed] or omit[ted] material facts to the

---

[3] Defendants conceded that this was the right accrual date, but other parts of their motion to dismiss claimed all the Section 1983 claims were time barred and therefore the Court conducted the statute of limitations analysis.

magistrate judge." *Stonecipher v. Valles*, 759 F.3d 1134, 1142 (10th Cir. 2014). In this case, the first approach is sufficiently supported by the allegations contained in Plaintiff's Complaint. Plaintiff alleges that Defendants "failed to allege in the criminal complaint, and on the affidavit for the arrest warrant … any facts sufficient to demonstrate a violation of the crimes brought against [Plaintiff], and thus lacked any probable cause … to charge and arrest Plaintiff." (Compl. ¶ 32).

Further, the Plaintiff alleges facts in his Complaint showing that Defendants omitted information in the arrest warrant regarding the permissible nature of the Plaintiff's communications, satisfying the second method outlined in *Stonecipher.* On at least one occasion, the Tenth Circuit determined that an officer's omission of material information in an application for an arrest warrant that showed the plaintiff had not actually violated a restraining order vitiated the Magistrate Court's underlying finding of probable cause. *See McAllister v. Kellogg*, 2015 WL 2329425 (10th Cir. 2015).

Under either approach to rebut an underlying finding of probable cause as outlined in *Stonecipher*, the Plaintiff has pled sufficient facts to support a finding that there was no probable cause to support Plaintiff's arrest, continued confinement, or prosecution. Accordingly, Plaintiff has not failed to state a claim for malicious prosecution.

**B.  Defendants' Motion to Dismiss Count II of Plaintiff's Complaint is Granted.**

Defendants argue Count II of Plaintiff's Complaint for unlawful arrest in violation of 28 U.S.C. § 1983 should be dismissed as Plaintiff failed to timely file his Complaint for unlawful arrest. The Court finds this argument well taken and accordingly, Count II of Plaintiff's Complaint for unlawful arrest is dismissed.

As discussed above, the applicable statute of limitations for § 1983 under New Mexico

state law is three-years. *See supra* I.A. However, unlawful arrest claims arise at the time the plaintiff's unlawful arrest ends; which could either be upon his release from custody or "when the victim's imprisonment becomes 'pursuant to [legal] process.'" *Mondragon v. Thompson*, 519 F.3d1078, 1083 (10th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). At the time the plaintiff's unlawful arrest ends, the three-year statute of limitations for the plaintiff's claim under § 1983 begins to run. Accordingly, the latest possible date the Plaintiff's claim for unlawful arrest accrued was on the date Plaintiff was arraigned, which in this case would be November 2, 2018, when Plaintiff first appeared before the Eddy County Magistrate Court.[4] Therefore, the statute of limitations for Plaintiff's unlawful arrest claim ran on November 18, 2021. Because the Plaintiff failed to timely file his Complaint in regard to Count II, Count II of Plaintiff's Complaint is dismissed.[5]

**C. Defendants' Motion to Dismiss Count III of Plaintiff's Complaint is Denied.**

Defendants argue Count III of Plaintiff's Complaint for false imprisonment in violation of 28 U.S.C. § 1983 should be dismissed as Plaintiff failed to timely file his Complaint for false imprisonment. Defendants are incorrect. Accordingly, Defendants' motion to dismiss Count III of Plaintiff's Complaint is denied.

The applicable statute of limitations for § 1983 under New Mexico state law is three-years, s*ee supra* I.A., and the accrual date for a false arrest claim under § 1983 does not accrue until the "conviction or sentence has been invalidated." *Heck v. Humphrey*; 512 U.S. 477, 489-90 (1994).

---

[4] While this is the law, the Court points out the difficulty and potential unfairness caused to plaintiffs in this scenario, who are incarcerated and are expected to abide by statutes of limitations while they are in the process of fighting the very system that has unlawfully arrested them.

[5] The Court is sympathetic to Plaintiff's argument regarding equitable tolling due to the situation he was in, *see* fn 4. However, the law on these accrual dates is very clear.

As previously established, Plaintiff's conviction/sentence was invalidated on December 20, 2022, when the New Mexico Court of Appeals overturned his relevant criminal convictions. Because Plaintiff's Complaint was timely filed on April 24, 2023, well within the three-year statute of limitations applicable to § 1983 under New Mexico state law, the statute of limitations has not run on Count I of Plaintiff's Complaint.

### D. Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint is granted.

Defendants argue Count IV of Plaintiff's Complaint for malicious abuse of process in violation of NMSA 1978, § 41-4-1, *et seq.* should be dismissed because Plaintiff failed to timely file his Complaint. Defendants are correct. Accordingly, Defendants' motion to dismiss Count IV of Plaintiff's Complaint is granted.[6]

In *Rico-Reyes v. New Mexico*, a district court in the District of New Mexico determined that NMTCA claims are barred by a two-year statute of limitations. 503 F. Supp. 3d 1055, 1060 (D.N.M. 2020); NMSA 1978, § 41-14-15 (1977). New Mexico combines the torts of abuse of process and malicious prosecution into the single tort of malicious abuse of process. *Mata v. Anderson,* 685 F. Supp. 2d 1223, 1254 (D.N.M. 2010).

The accrual date for malicious prosecution claims (as well as abuse of process claims) is the date upon which improper use of process occurred. *See Mata*, 685 F. Supp. At 1254. (D.N.M. 2010) ("District court decisions interpreting when a malicious-abuse-of-process claim accrues under New Mexico law have concluded that "[a] cause of action for malicious-abuse-of-process accrues immediately upon the improper use of process.") Notably, under New Mexico state law, a "prior favorable termination is not an element of the malicious abuse of process tort, as it was for

---

[6] Again, the accrual dates are very clear and Plaintiff provides no case law to support his equitable tolling argument in this context.

the former tort of malicious prosecution." *Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, ¶ 14, 142 N.M. 150, 164 P.3d 31.

Because the Plaintiff's first allegation of improper use of process was on November 3, 2018 when Plaintiff first appeared in front of the Magistrate Court, Plaintiff's cause of action for malicious abuse of process became time barred on November 3, 2020. Due to the fact Plaintiff filed his complaint two-and-a-half-years later, Count IV of Plaintiff's Complaint is dismissed.

**E.  Defendants' Motion to Dismiss Count V of Plaintiff's Complaint is Denied.**

Defendants argue Count V of Plaintiff's Complaint for false arrest under the NMTCA should be dismissed as Plaintiff failed to timely file his Complaint. Defendants have failed to prove dismissal is appropriate here. Accordingly, Defendants' motion to dismiss Count IV of Plaintiff's Complaint is denied.

This is an NMTCA claim, and thus the statute of limitations is two-years. *See Rico,* 503 F. Supp. 3d at 1060; *see, also,* NMSA 1978, § 41-14-15. Under the NMTCA, false arrest and false imprisonment claims overlap because a false arrest is a method of committing false imprisonment. *See Gose v. Bd. of Cnty. Comm'rs of Cnty. of McKinley*, 727 F. Supp. 2d 1256, 1260 (D.N.M. 2010). A false imprisonment claim accrues on the last day on which a plaintiff alleges he was falsely imprisoned. *Id.* at 1256. Plaintiff's Complaint does not state the exact date when Plaintiff's imprisonment ended. Neither Plaintiff nor Defendant gave clear dates or exact periods of time Plaintiff was incarcerated. Defendants make a blanket argument that all of Plaintiff's NMTCA claims fail because there is a two-year statute of limitations. *See* Doc. 3 at 6. However, this is an incomplete analysis because Defendants did not provide the accrual dates for the various claims. For the previous Counts, the Court was able to determine the accrual dates and thus determine the dates the statutes of limitations ran out. The Court cannot conduct that analysis for this Count due

to the fact that no party is providing any exact dates. Statute of limitation arguments are affirmative defenses. *See Herrera,* 32 F.4th at 991. The Defendant bears the burden of developing the facts necessary to prove that a claim is time-barred, if the complaint does not resolve the question with the dates provided within it. *Id.* ("Typically, facts must be developed to support dismissing a case based on the statute of limitations. *Id.* But [a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.") (internal citations and quotations omitted). The Defendants have not developed the facts sufficiently to carry their affirmative defense.

Therefore, Defendants' motion to dismiss Count V of Plaintiffs' Complaint is denied.

### F.   Defendants' Motion to Dismiss Count VI of Plaintiff's Complaint is Denied

Defendants argue Count VI of Plaintiff's Complaint for false imprisonment under the NMTCA should be dismissed as Plaintiff failed to timely file his Complaint. For the reasons stated above, Defendants' motion to dismiss Count VI of Plaintiff's Complaint for False Imprisonment is denied.[7]

### G.   Defendants' Motion to Dismiss Count VII of Plaintiff's Complaint is Denied.

Defendants argue that Defendants argue Count VII of Plaintiff's Complaint for negligent hiring, training, supervision and retention under the NMTCA should be dismissed as Plaintiff failed to timely file his Complaint. Defendants did not provide the Court with an accrual date for these charges so that it could determine the appropriate statute of limitations. Consistent with the holding in *Herrera v. City of Espanola,* the Court finds that Defendants have not met their burden. Accordingly, Defendants' motion to dismiss Count VII of Plaintiff's Complaint for negligent

---

[7] As stated in section III.vi of this Order, false arrest and false imprisonment are analyzed under the same statute of limitations and accrual date. Defendant did not develop sufficient facts for the Court to determine the statute of limitations.

hiring, training, supervision and retention is denied.

### IV. Conclusion

For the reasons set forth above, the Court now dismisses Count II and IV of Plaintiff's complaint because those claims are time barred. The Court will not dismiss the other five Counts of Plaintiff's Complaint.

**Therefore**, Defendant's motion to dismiss (Doc. 3) is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

_____
    HON. DAVID HERRERA URIAS
    UNITED STATES DISTRICT JUDGE