UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JASON SANCHEZ,

    Plaintiff,

vs.                                                  No. CIV 23-00345 DHU/GJF

EDDY COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants' Motion to Stay Discovery [ECF 19] ("Motion"). The Motion is fully briefed and is based on Defendants' pending Motion for Summary Judgment Based in Part on Qualified Immunity ("MSJ"). ECF 17. As explained below, the Court will **STAY** all discovery in this case pending the presiding judge's resolution of Defendants' MSJ [ECF 17] or Plaintiff's Motion to Conduct Limited Discovery [ECF 25] pursuant to Federal Rule of Civil Procedure 56(d). The Court emphasizes that this Order has *no effect* on Plaintiff's pending Motion to Conduct Limited Discovery.

**I. BACKGROUND**

Plaintiff filed suit pursuant to the "Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the New Mexico Tort Claims Act" for his allegedly unlawful arrest, imprisonment, and prosecution. ECF 1. Defendants eventually filed their MSJ [ECF 17], requesting dismissal of all claims. The MSJ invoked the defense of qualified immunity on behalf of all individual Defendants. Defendants also moved to stay discovery until the presiding judge resolves the MSJ. ECF 19. In opposition, Plaintiff contends under Federal Rule of Civil Procedure 56(d) that he needs to conduct certain discovery to fully respond to the MSJ. ECF 25.

## II. LAW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

Consequently, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

## III. ANALYSIS

The Court finds that a stay of discovery is appropriate. In their MSJ, Defendants affirmatively sought dismissal of all Counts with prejudice and raised the defense of qualified immunity for all individual Defendants. The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified

immunity, he is entitled to a stay of discovery. *See*, *e.g.*, *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013) (observing that "the law is clear that discovery should be stayed upon assertion of qualified immunity").

This Court takes no position on whether some discovery may be needed for Plaintiff to properly respond to Defendants' MSJ. The presiding judge will resolve that issue when he decides Plaintiff's Rule 56(d) Motion.

## IV. CONCLUSION

**IT IS ORDERED** that Defendants' Motion [ECF 19] is **GRANTED** and that all discovery in this case is **STAYED** pending the Court's resolution of Defendants' MSJ [ECF 17] or Plaintiff's Motion for Limited Discovery [ECF 25].

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE