**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JASON SANCHEZ,

        Plaintiff,

       v.                                       **Civ. No. 23-345 SMD/GJF**

EDDY COUNTY BOARD OF
COMMISSIONERS, et al.,

        Defendants.

### <u>MEMORANDUM OPINION AND TEMPORARY PROTECTIVE ORDER</u>

This case is before the Court on Defendant Jared Rostro's Motion for Protective Order [Dkt. No. 59]. The Motion is fully briefed. *See* Dkt. No. 61 (response), 62 (reply). After reviewing the briefing, the full record, and the law, the Court concludes that the Motion should be granted in part pending Defendant Rostro's forthcoming deposition.

### <u>BACKGROUND</u>

This case stems from a longstanding, personal, and highly contentious series of disputes[1] between Plaintiff Jason Sanchez and Defendant Jared Rostro, among others. In this case, Plaintiff alleges that his arrest, state conviction (later reversed by the New Mexico Court of Appeals), and subsequent imprisonment for stalking and violation of a protective order violated his Fourth Amendment right to be free from malicious prosecution, malicious abuse of process, and unreasonable search and seizure, among other claims. Plaintiff alleges that the individual

---

[1] Jared Rostro and Eric Threlkeld, who are defendants in this case, filed their own civil case against Defendant Eddy County Board of Commissioners, Plaintiff Jason Sanchez, and others, in the United States District Court for the District of New Mexico. *See Rostro v. Eddy County Bd. of Comm'rs*, 24cv055 KG/JHR. In that case, Rostro alleged that Defendant Eddy County improperly released his personnel file to Jason Sanchez's attorney, who then passed it on to his client. Rostro further alleged that Sanchez posted portions of his personnel file online. That case ultimately resolved by settlement. *See* Dkt. No. 58 (stipulated motion to dismiss with prejudice).

Defendants pursued their investigation and his arrest due to personal animus against him. Dkt. No. 43 at 12.

In an Order [Dkt. No. 55] entered March 21, 2026, the presiding judge stayed the case and significantly narrowed the scope of discovery, listing ten specific topics that Plaintiff may explore under Federal Rule of Civil Procedure 56(d) to respond to the Defendants' motion for summary judgment. Dkt. No. 55 at 8. When taking the deposition of Defendant Rostro, Plaintiff will be restricted to those enumerated topics.

With regard to the motion at hand, the parties appear to agree that, through its agents, Eddy County Board of Commissioners improperly provided Defendant Rostro's unredacted personnel file to Plaintiff's attorney. At this point, the parties' versions of events diverge significantly. First, Defendant Rostro asserts that Plaintiff obtained from his lawyer Defendant Rostro's personnel file and then posted confidential information from that file, along with threats against Defendant Rostro, on his social media platform. Dkt. No. 59 at 2. Defendant Rostro also alleges that Plaintiff posted documents containing the unredacted names of Rostro's minor children. Dkt. No. 59 at 2[2]; Dkt. No. 62-1 (Rostro Aff.). For his part, Plaintiff denies posting confidential personal identifying information, including dates of birth and Social Security numbers, on his social media, but he does not expressly deny posting the names of Defendant Rostro's minor children. Dkt. No. 61 at 2; Dkt. No. 61-1 (Sanchez Aff.). Plaintiff does acknowledge posting materials from the personnel file that he asserts were "official conduct and matters of public concern." Dkt. No. 61 at 2.

Second, Defendant Rostro claims "upon information and belief" that Plaintiff produced unredacted copies of Defendant Rostro's personnel file containing confidential information about

---

[2] This includes posting a document that appears to discuss a report of alleged child abuse involving Defendant Rostro's children. Defendant Rostro does not state whether Plaintiff obtained this document from his improperly produced personnel file during litigation, or if he obtained it from another source outside of litigation.

him, his son, and his father to third parties, including records containing Social Security numbers and dates of birth. Dkt. No. 59 at 4-5. Defendant Rostro does not state when or to whom Plaintiff produced these records, though he suggests that Plaintiff produced them to a lawyer he shares with a plaintiff in a separate lawsuit, who then produced the personal information in that case. Dkt. No. 62-1 at ¶ 8. Plaintiff, on the other hand, claims that he shared "unredacted file[s] with attorneys in connection with obtaining legal representation and advice," Dkt. No. 61 at 3; Dkt. No. 61-1, and seems to disavow disclosures that took place thereafter. He denies disseminating confidential personal identifiers online.

Finally, Defendant Rostro asserts that Plaintiff derives income from his social media account, and that while Plaintiff has a First Amendment right to speak, Defendant Rostro "also has the right to privacy and does not consent to have his deposition testimony or his image or any video taken of his deposition posted on Plaintiff's social medica accounts." Dkt. No. 59 at 5. Plaintiff neither confirms nor denies that he charges money for access to his social media accounts, but argues that Defendant Rostro's "deposition testimony concerns his official conduct as a detective, which falls squarely within the public's legitimate interest in government operations and law enforcement accountability." Dkt. No. 61 at 6. In reply, Defendant Rostro argues that personal identifying information like dates of birth and Social Security numbers, the names of his minor children, and information concerning his domestic relations case are not matters of public concern. Dkt. No. 62 at 1-2. Defendant Rostro also notes that he is no longer employed by Eddy County and is a private citizen, not a public figure. *Id.* at 2. He asserts that Plaintiff has engaged in harassment online and that distribution of the deposition testimony online will embarrass Defendant Rostro and invade his privacy. *Id.*

In his conclusion, Defendant Rostro asks the Court to "enter a protective order limiting the dissemination of Defendant Rostro's deposition and video thereof [] to the parties in this litigation. Defendant Rostro also requests an Order prohibiting the publishing of his deposition outside of this litigation." Dkt. No. 59 at 8-9.

## LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order has the burden to show good cause for preventing dissemination of discovery materials. *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011). "The good cause standard requires that the moving party identify any specific prejudice or oppression that will be caused by disclosure." *Id*. The standard is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)).

## DISCUSSION

Defendant Rostro argues that Plaintiff has conducted a malicious online campaign of harassment against him, that Plaintiff has made online threats against him (with screenshots to prove it), and that Plaintiff has disclosed sensitive identifying information about Defendant Rostro and his family members to his attorney, who then disclosed it to third parties. Plaintiff has done little to dispute those core allegations, though he does deny that he publicly disseminated dates of birth and Social Security numbers. He also does not deny that the website where he frequently posts these things is a paid website that he employs for monetary gain. Against that background, Defendant Rostro argues that Plaintiff has no right to disseminate Rostro's images or deposition

testimony on his website in order to "embarrass, oppress, and humiliate" Rostro. Defendant Rostro does not explain what information or line of questioning he expects to discuss in his deposition that may cause him humiliation or harm his reputation, an omission that Plaintiff emphasizes in his response. Dkt. No. 61 at 3.

As previously noted, the presiding judge has narrowed the scope of discovery that will be permitted at this stage. Dkt. No. 55 at 8. Therefore, Plaintiff will be restricted at Defendant Rostro's deposition to asking only about the topics enumerated in the Court's order. As the party requesting the protective order, Defendant Rostro must show good cause—that is, specific grounds showing that he requires protection from annoyance, embarrassment, oppression, or undue burden—in order to obtain a protective order. Because the deposition has not yet occurred, however, it is difficult to discern whether a protective order is warranted. The narrow topics permitted at the deposition may or may not yield information or testimony requiring protection, but that cannot be determined until after the deposition takes place.  Granting in advance – and on an as-yet-undeveloped factual record – a broad protective order that would persist through the duration of this litigation is a step this Court is not prepared to take.

Accordingly, at this time the Court will enter a *temporary* protective order prohibiting Plaintiff, his counsel, and his agents from publishing or otherwise disseminating any portion of any transcript or recording (audio or video) of the deposition. No later than seven days after he receives the deposition transcript, Defendant Rostro may supplement his motion for protective order. In his supplemental brief, Defendant Rostro must specifically itemize and excerpt the questions and answers in the deposition that he believes intrude on his privacy or otherwise show good cause to justify issuance of a protective order. Within seven days after Defendant files the supplement to his motion for protective order, Plaintiff must file his written response. If Defendant

Rostro fails to supplement his motion for protective order as described herein, the Court will lift this temporary protective order.

**IT IS THEREFORE ORDERED** that Defendant Jared Rostro's Motion for Protective Order [Dkt. No. 59] is **GRANTED IN PART**, and the Court hereby enters a temporary protective order prohibiting Plaintiff, his counsel, or any of his agents from publishing or otherwise disseminating any portion of any transcript or recording (audio or video) of the deposition of Defendant Rostro. Violation of this protective order may result in sanctions.

**IT IS FURTHER ORDERED** that no later than seven days after he receives the deposition transcript, Defendant Rostro may supplement his motion for protective order. In his supplemental brief, Defendant Rostro must specifically itemize and excerpt the questions and answers in the deposition that he believes intrude on his privacy or otherwise demonstrate good cause to justify the issuance of a protective order. If Defendant Rostro fails to file his supplement, the Court will vacate this temporary protective order.

**IT IS FURTHER ORDERED** that within seven days after Defendant files the supplement to his motion for protective order, Plaintiff must file his written response.

_____
**GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**

6